JUSTICE HUNT
dissenting.
I dissent. It is clear from testimony of the witnesses and the exhibits that there was not a meeting of the minds regarding the release, and therefore, as the District Judge who was present in court clearly found, no contract existed. It is incredible for the majority to hold that confidentiality, indemnification, and doubtfulness of claims provisions contained in standard releases are not material. At the time of the alleged contract, Ford Motor Company was responsible for drafting the release. Ford’s claims adjuster, Martin Simmonsen, the only person who negotiated with the Hetheringtons, admitted that the provisions contained in the release were material to Ford and that the settlement agreement would not be completed until the parties read and understood the agreement, agreed to the terms, and executed the agreement. This was also the Hetheringtons’ understanding, as sworn to by Susan Spilman. Finally, the sample release submitted by Ford during discovery would had to have been amended to include a confidentiality agreement to make it consistent with what Ford intended in August 1989.
I would affirm the District Court and deny the motion for summary judgment. I would also affirm the court’s granting of a directed verdict in favor of the Hetheringtons.